UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chauncey A. Dothard, Jr., | : | Case No. 4:07CV1285 |
| Plaintiff | : | Judge John R. Adams |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This Court sees no need for an extended discussion of the facts or law in this action brought under 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the defendant's final determination denying the plaintiff's application for supplemental security income (SSI), 42 U.S.C. §1381 et seq.,[1] as this Court believes that the evidence relied upon by the plaintiff in support of his primary argument on this appeal negates his claim of disability.

Upon denial of his application at the state agency level the plaintiff requested de novo review by an Administrative Law Judge (hereinafter ALJ). Evidentiary hearing was held on November 30, 2004, and on March 22, 2005 the ALJ entered his decision finding the plaintiff not disabled. That decision, however, was set aside by the Appeals Council on November 15, 2005, and the matter remanded to the ALJ on several bases, including the ALJ's failure to properly articulate his reasons

---

[1] The plaintiff's application was filed October 16, 2002, with a protective filing date of September 30, 2002 being granted, and alleged disability as of April 8, 2002. Although the documentation relevant thereto is not in the record, at the de novo hearing underlying this action the plaintiff acknowledged that he had applied for disability benefits in 1999, which claim ended with denial at the state agency level. As noted by the ALJ, the plaintiff's limited work history did not reflect sufficient quarters of coverage to qualify him for eligibility for disability insurance benefits, 42 U.S.C. §§416(i), 423.

for rejecting the plaintiff's subjective complaints, his failure to provide a sufficient rationale for his determination as to the plaintiff's capabilities/limitations, and his failure to provide a sufficient rationale for his disregarding opinions of the plaintiff's treating physicians.

A second evidentiary hearing was held on July 16, 2006, at which a medical expert, Dr. Franklin Plotkin, and a vocational expert, Mr. Thomas Nimberger, testified.[2] At that proceeding, as he had at the first, the plaintiff ascribed his alleged inability to work to low back pain, radiating into his legs, which limited his physical capabilities.

On August 10, 2006 the ALJ entered his decision finding the plaintiff not disabled. Unlike the decisions this Court is accustomed to seeing which end with a series of "Findings" setting out the rationale of decision this decision contained a section headed "Findings of Fact and Conclusions of Law," with the following subheadings, each of which was followed by factual determinations, some more detailed than others, and legal conclusions based thereon. The subheadings were:

1. The claimant has not engaged in substantial gainful activity since April 8, 2002, the alleged onset date (20 CFR 416.920(b) and 416.9071 *et seq*.).

2. The claimant has the following severe impairments: disorders of the back, lumbar strain and sprain, and herniated discs at L4-5 and L5-S1 (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work. Specifically, he can lift, carry, push and pull 20 pounds occasionally and ten pounds frequently. He can sit up to two-thirds of the time in an eight-hour workday with normal breaks. He can

---

[2] At the earlier hearing no medical expert was called, and a different vocational expert appeared.

      stand and/or walk up to two-thirds of the time in an eight-hour workday with normal breaks. He cannot work at unprotected heights and cannot perform frequent stooping or bending.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on December 3, 1968 and was 33 years old on the date the application was filed, which is defined as a younger individual age 18-44 (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

9. The claimant has not been under a "disability," as defined in the Social Security Act, since September 30, 2002 (20 CFR 416.920(g)), the date the application was filed.

Although the ALJ found the plaintiff capable of performing light work activities, given the plaintiff's age and education if his claim was to be evaluated under the standards of the Social Security "grids" he would have to be unable to perform even sedentary work, which capability is subsumed in the ability to perform light work, in order to be deemed disabled. See, Rule 201.27 et seq., Table I, Appendix II, Subpart P, Part 404, 20 C.F.R. In this Court's opinion, it is this consideration which is critical to resolution of this action.

Although couched in terms of "Substantial evidence does not support the residual functional capacity determination of the Administrative Law Judge," plaintiff's first argument on this appeal is essentially that the ALJ failed to give proper weight to the opinions of the plaintiff's treating physicians, Drs. Jeffrey Hawk and William Paloski. Assuming for the sake of discussion that the evidence originating with these physicians is inconsistent with the ALJ's holding that the plaintiff is capable of light work, that evidence does not reflect the inability to perform sedentary work.

3

Under date of July 27, 2004 Dr. Paloski completed a "Medical Source Statement: Patent's Physical Capacity" form.  This Court does not consider the capacities he noted therein to be inconsistent with the ability to perform sedentary work.

Similarly, Dr. Hawk completed a "Basic Medical" form reflecting a last exam date of June 3, 2004, and although he checked off a box reflecting that the plaintiff was unemployable the physical capabilities/limitations he noted were quite comparable to those noted by Dr. Paloski.

Dr. Paloski completed another physical capacity form bearing the date June 30, 2006, and in this form the capabilities he noted were at a higher level then those of two years earlier, and unquestionably at the level required for sedentary work.

Given this state of the record, the fact that Dr. Plotkin felt that the 2006 determination by Dr. Paloski was "a remarkable restrictive RFC,"[3] an opinion the ALJ credited, is, in this Court's opinion, inconsequential .  If Dr. Plotkin was wrong, the fact remains that , as he testified, Dr. Paloski's June 2006 evaluation would place the plaintiff at the sedentary work level.

In opining that he did not consider that RFC to be credible Dr. Plotkin stated:

> Now all of the findings we've had the neurological has not been helpful. He does show no loss of motor strength.  He has no atrophy.  He has no credible sensory examination.  The thing that is notably missing from this evaluation is good neurological recent and objective tests, such as nerve conduction and an EMG and I think without this, we cannot, or at least I cannot, take seriously his complaints.

He later stated again that "a good neurological examination and some objective measurements, such as an EMG, a nerve conduction would give us a better idea of what the underlying process is," which prompted the ALJ to observe "Nevertheless, we have what we have here."

It is this testimony by Dr. Plotkin which underlies the second argument advanced on this

---

[3]Plaintiff's counsel chose not to ask any questions of Dr. Plotkin.

4

appeal, which is that "Remand is appropriate to obtain additional medical evidence in the form of a consultative examination." This Court does not believe that this is so.

First, this Court does not interpret Dr. Plotkin's testimony as reflecting that he believed that further testing was necessary to reach a properly informed decision. As this Court views that testimony, what Dr. Plotkin was saying was that in the absence of objective medical evidence which he would expect to be present he could not credit the plaintiff's subjective complaints.

Second, his comments do not overcome the fact that the evidence originating with Drs. Paloski and Hawk leave the plaintiff capable of performing sedentary work activity, which negates his claim of disability.

It is recommended that final judgment affirming the decision below be entered in defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   February 11, 2006

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).